JENNIFER DENISE MIMS, Plaintiff v. SHARON KAYE WRIGHT, Defendant

No. COA02-902

(Filed 15 April 2003)

**1. Appeal and Error— appealability—privileged records—discovery—substantial right**

The granting of an order to compel discovery of medical records affected a substantial right and was immediately appealable.

**2. Evidence— physician-patient privilege—automobile accident case—privilege not waived by driving**

A defendant in an automobile accident case did not waive the physician-patient privilege simply by driving. Nothing in defendant's answer or subsequent conduct during the course of discovery opened the door to an inquiry into defendant's medical history.

**3. Discovery— medical records—medical condition not raised in pleadings—discovery an abuse of discretion**

The trial court abused its discretion by compelling discovery of defendant's medical records in an automobile accident case because there was nothing in the pleadings to raise the issue of defendant's medical condition.

Appeal by defendant from order dated 2 April 2002 by Judge L. Todd Burke in Guilford County Superior Court. Heard in the Court of Appeals 26 March 2003.

*Gray, Newell, Johnson & Blackmon L.L.P., by Mark V.L. Gray, for plaintiff appellee.*

*Davis & Hamrick, L.L.P., by H. Lee Davis, Jr. and Ann C. Rowe, for defendant appellant.*

BRYANT, Judge.

Sharon Kaye Wright (defendant) appeals a discovery order dated 2 April 2002 requiring the disclosure of her medical records to Jennifer Denise Mims (plaintiff).

On 2 August 2001, plaintiff filed a complaint alleging defendant negligently operated a vehicle on 26 August 1998, causing a collision

MIMS v. WRIGHT

[157 N.C. App. 339 (2003)]

with the vehicle driven by plaintiff that resulted in personal injuries to plaintiff. In her answer filed 1 October 2001, defendant denied any negligence but argued in the alternative that to the extent she was negligent, plaintiff's claim was barred by her own contributory negligence. In plaintiff's first request for production of documents dated 15 November 2001, defendant was asked to turn over to plaintiff copies of "all [her] medical records . . . covering the period five (5) years proceeding August 26, 1998 to the present day." Following defendant's objection to this request, plaintiff filed a motion to compel discovery.

In an order dated 2 April 2002, the trial court made the following findings:

10. Plaintiff, through counsel, served Plaintiff's First Set of Interrogatories to Defendant and Plaintiff's First Request for Production of Documents Addressed to the Defendant upon counsel for [d]efendant on or about November 15, 2001.

. . . .

12. . . . Defendant objected to producing all of [d]efendant's medical records for the time period of five years prior to the accident through the present, as vague, overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of relevant or admissible evidence and as a violation of the physician-patient privilege.

13. Defendant offered to the [c]ourt and to [p]laintiff's counsel to answer the questions as to whether . . . [d]efendant had any eye condition or other medical condition that would affect her driving at the time of the accident and such offer was rejected by [p]laintiff's counsel and the [c]ourt.

The trial court then concluded:

7. The [d]efendant, by driving, waived the physician-patient privilege, and the medical records of [d]efendant are relevant and material and may lead to the discovery of admissible or relevant evidence and should be produced in discovery.

8. Plaintiff is entitled to obtain and review [d]efendant's medical records for the time period of five years prior to the date of the accident . . . through the present.

9. Defendant's argument that [d]efendant's medical records are privileged and that said physician-patient privilege has not in

any way been waived, as [d]efendant is not claiming an injury or pursuing a claim for an injury, is denied by the [c]ourt.

10. Defendant's suggestion that the [c]ourt review [d]efendant's medical records *in camera* and that the [c]ourt then determine whether any of [d]efendant's medical records are relevant to the accident at issue and should be produced to [p]laintiff was denied by the [c]ourt.

11. The [c]ourt concludes that its ruling requiring . . . [d]efendant to produce her medical records affects a substantial right, that is her right to confidentiality of the physician-patient privilege.

The issues are whether: (I) the discovery order appealed from affects a substantial right; (II) defendant impliedly waived the physician-patient privilege; and (III) the interests of justice demanded disclosure even if the privilege was not waived.

I

**[1]** As a general rule, discovery orders are interlocutory and therefore not immediately appealable. *Romig v. Jefferson-Pilot Life Ins. Co.*, 132 N.C. App. 682, 685, 513 S.E.2d 598, 600 (1999), *aff'd*, 351 N.C. 349, 524 S.E.2d 804 (2000) (per curiam); *see Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) ("[a] discovery order is interlocutory because it does not 'dispose of the case, but instead leave[s] it for further action by the trial court in order to settle and determine the entire controversy' ") (citation omitted). Such orders are, however, immediately appealable if "delaying the appeal will irreparably impair a substantial right of the party." *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999); *see Sharpe*, 351 N.C. at 162, 522 S.E.2d at 579 (substantial right affected if order " 'deprives the appealing party of a substantial right which will be lost if the order is not reviewed before a final judgment is entered' ") (citation omitted). "[W]hen, as here, a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right . . . ." *Sharpe*, 351 N.C. at 166, 522 S.E.2d at 581; *see also Lockwood v. McCaskill*, 261 N.C. 754, 757, 136 S.E.2d 67, 69 (1964) (noting that once a physician were to testify at a deposition hearing concerning privileged matters, as required by the trial court's discovery order, the statutory physician-patient privilege

would be destroyed). Accordingly, defendant's appeal is properly before this Court. We now consider whether the trial court abused its discretion in granting plaintiff's motion to compel production of defendant's medical records. *See Velez v. Dick Keffer Pontiac-GMC Truck, Inc.*, 144 N.C. App. 589, 595, 551 S.E.2d 873, 877 (2001) (orders regarding discovery matters are reviewed for abuse of discretion).

## II

**[2]** Pursuant to Rule 26(b)(1) of the North Carolina Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." N.C.G.S. § 1A-1, Rule 26(b)(1) (2001). Any unprivileged matter that is relevant is thus discoverable. On the other hand, if the matter of which discovery is sought is privileged, it is not discoverable, even if relevant, "unless the interests of justice outweigh the protected privilege." *Shellhorn v. Brad Ragan, Inc.*, 38 N.C. App. 310, 314, 248 S.E.2d 103, 106 (1978).

Defendant argues her medical records were protected by the physician-patient privilege and that the trial court erred in concluding she had impliedly waived that privilege "by driving." We agree. Defendant's medical records are protected by N.C. Gen. Stat. § 8-53, which sets forth the physician-patient privilege. *See* N.C.G.S. § 8-53 (2001). Because this statutory privilege is to be strictly construed, *Sims v. Insurance Co.*, 257 N.C. 32, 36-37, 125 S.E.2d 326, 329-30 (1962), the patient bears the burden of establishing the existence of the privilege and objecting to the discovery of such privileged information, *Adams v. Lovette*, 105 N.C. App. 23, 28, 411 S.E.2d 620, 624, *aff'd*, 332 N.C. 659, 422 S.E.2d 575 (1992) (per curiam). Moreover, the privilege is not absolute and may be waived, either by express waiver or by waiver implied from the patient's conduct. *Id.* at 28-29, 411 S.E.2d at 624.

In this case, there is absolutely no authority to support the trial court's conclusion that defendant waived the physician-patient privilege simply by driving. Instead, our courts have ruled that implied waivers occur where: the patient fails to object to testimony on the privileged matter; the patient herself calls the physician as a witness and examines him as to the patient's physical condition; or the patient testifies to the communication between herself and the physician. *Capps v. Lynch*, 253 N.C. 18, 23, 116 S.E.2d 137, 141 (1960). Subsequent case law has also recognized an implied waiver where a

patient by bringing an action, counterclaim, or defense directly placed her medical condition at issue. *See Jones v. Asheville Radiological Grp.*, 134 N.C. App. 520, 531, 518 S.E.2d 528, 535 (1999) (Walker, J., dissenting in part) (citing *Cates v. Wilson*, 321 N.C. 1, 17, 361 S.E.2d 734, 744 (1987) (Mitchell, J., concurring in the result)), *rev'd*, 351 N.C. 348, 524 S.E.2d 804 (2000) (per curiam); *see also State v. Smith*, 347 N.C. 453, 461-62, 496 S.E.2d 357, 362 (1998) (where the defendant sought to suppress his statements to the police by arguing he had been suffering from controlled substance withdrawal symptoms, the defendant placed at issue his past state of mind, and the State properly sought to rebut this evidence with his medical records); *Laznovsky v. Laznovsky*, 745 A.2d 1054, 1067 (Md. Ct. App. 2000) ("[w]hen a party-patient places a condition in issue by way of a claim, counterclaim, or affirmative defense, she waives the physician-patient privilege as to all matters causally or historically related to that condition, and information which would otherwise be protected from disclosure by the privilege then becomes subject to discovery"). Thus, had defendant, through her answer, placed her medical condition at issue, there would be an implied waiver of the physician-patient privilege; however, defendant simply denied plaintiff's allegation of negligence and, in the alternative, raised the defense of contributory negligence. As nothing in her answer or subsequent conduct during the course of discovery opened the door to an inquiry into defendant's medical history, the trial court abused its discretion in concluding defendant had waived her privilege.

III

**[3]** Privileged medical information may still be discoverable if "disclosure is necessary to a proper administration of justice." N.C.G.S. § 8-53. "The decision that disclosure is necessary to a proper administration of justice 'is one made in the discretion of the trial judge, and the defendant must show an abuse of discretion in order to successfully challenge the ruling.' " *Smith*, 347 N.C. at 461, 496 S.E.2d at 362 (citation omitted). Whether the trial court has to make a specific finding that disclosure is necessary for the proper administration of justice is unclear though. *See id.* ("N.C.G.S. § 8-53 does not require such an explicit finding. The finding is implicit in the admission of the evidence."); *but see Cates*, 321 N.C. at 13, 361 S.E.2d at 742 ("a trial court may permit opinion evidence by non-party treating physicians only after finding, pursuant to the statute, that the proper administration of justice necessitates such testimony"); *Insurance Co. v. Boddie*, 194 N.C. 199, 201, 139 S.E. 228, 229 (1927) (the trial

court is required to make a finding, appearing in the record, that disclosure is necessary to a proper administration of justice). Assuming no such finding was required in this case, we nevertheless hold that the record fails to indicate that discovery of defendant's medical records was warranted.

"The purposes of North Carolina's statutory physician-patient privilege are to encourage the patient to fully disclose pertinent information to a physician so that proper treatment may be prescribed, to protect the patient against public disclosure of socially stigmatized diseases, and to shield the patient from self-incrimination." *Crist v. Moffatt*, 326 N.C. 326, 333, 389 S.E.2d 41, 45 (1990). Accordingly, "the proviso [allowing for compelled disclosure of privileged information] was intended to refer to exceptional rather than ordinary factual situations." *Lockwood*, 261 N.C. at 758, 136 S.E.2d at 70.

In this case, there is nothing in the pleadings that would raise the issue of defendant's medical condition. Plaintiff did not allege that defendant's physical or medical condition contributed to the automobile accident. Defendant also did not counterclaim for any injuries she may have sustained during the accident. As such, the record is devoid of any allegations which might lead to a justifiable conclusion that the interests of justice outweighed the protected privilege. *See Shellhorn*, 38 N.C. App. at 314, 248 S.E.2d at 106. Under these circumstances, the trial court abused its discretion in compelling discovery of defendant's medical records.

Reversed.

Judges TIMMONS-GOODSON and GEER concur.