* * * * * * * * * * *
Upon review of the record with reference to the errors assigned, the Full Commission is of the opinion that good grounds exist to vacate and remand this case to the Deputy Commissioner Section for the reasons stated below.
 * * * * * * * * * * *
On or about March 26, 2004, plaintiff filed an affidavit with the Industrial Commission alleging that he contracted tuberculosis due to the negligence of the Walter B. Jones Alcohol and Drug Treatment Center. The defendant filed its answer on May 4, 2004. On June 4, 2004, defendant was served with Plaintiff's First Set of Interrogatories, Request for Production of Documents and Request for Admissions. In its response to plaintiff's discovery requests, defendant objected to several questions or requests pertaining to the disclosure of confidential patient information and did not provide that information to plaintiff. On or about August 20, 2004, plaintiff filed a Motion to Compel. Deputy Commissioner Glenn conducted an informal hearing by telephone on October 11, 2004. On January 26, 2005, Deputy Commissioner Glenn entered an Order Compelling Discovery from which defendant appealed to the Full Commission.
Plaintiff was admitted to Walter B. Jones Alcohol and Drug Treatment Center from December 17, 2003 through December 31, 2003. The plaintiff alleges in his affidavit that, "He was negligently and or recklessly assembled, congregated, or otherwise organized by staff of Walter B. Jones, ADATC, with an individual who suffered from active pulmonary tuberculosis."
In his discovery served on defendant, plaintiff requested the defendant provide him with the name, address, telephone number, and all other known contact information and detailed medical information about the patient who suffered from active tuberculosis (hereinafter Index Patient). The Plaintiff also requested the name, address, telephone number and all other known contact information, and all documents related thereto of other patients at Walter B. Jones who came into contact with the Index Patient. The plaintiff requested the Index Patient's entire file including complete medical, diagnostic, and psychological information. The defendant in responding to these interrogatories objected to these questions and requests stating that the information was privileged and could not be released without a court order. A Motion to Compel was filed and Deputy Commissioner Glenn entered an order compelling defendant to respond to these questions and requests with some restrictions on use and disclosure of the information on January 26, 2005 after conducting a telephone hearing.
Defendant's arguments before the Full Commission are set forth below:
I. THE DEPUTY COMMISSIONER ERRED IN HOLDING A HEARING WITHOUT GIVING THE REQUIRED NOTICE TO THE AFFECTED PATIENTS.
Discovery orders which require the release of physician-patient privileged information are immediately appealable and not interlocutory.Mims v. Wright, 157 N.C. App. 339, 578 S.E.2d 606, (2003). The records of identity, diagnosis, prognosis, and treatment of patients at Walter B. Jones Alcohol and Drug Treatment Center are confidential pursuant to42 U.S.C. § 290 dd-2 (2005). The records may only be released pursuant to the terms of that statute and the implementing regulations found in42 C.F.R. §§ 2.1 et. seq.
None of the patients whose identifying information was ordered to be released was notified of Plaintiff's request. Therefore they were not given the opportunity to file a written response or appear at the hearing.
II. THE DEPUTY COMMISSIONER ERRED BY FAILING TO MAKE FINDINGS THAT THE DISCLOSURE OF THE INDEX PATIENT'S CONFIDENTIAL COMMUNICATIONS MET THE REQUIREMENTS OF 42 CFR § 263.
There are no findings in the Deputy Commissioner's order that any of these requirements were met.
III. THE DEPUTY COMMISSIONER'S FINDINGS ARE INSUFFICIENT TO SUPPORT HIS ORDER TO DISCLOSE CONFIDENTIAL CONTACT INFORMATION FOR PATIENTS AT THE WALTER B. JONES ALCOHOL AND DRUG TREATMENT CENTER.
The Full Commission need not address the issues set forth under numerals II. and III. at this time in light of its order to vacate and remand this matter to Deputy Commissioner Glenn.
The Full Commission is of the opinion that good cause exists to vacate the January 26, 2005 Order of Deputy Commissioner Glenn and to remand this matter to Deputy Commissioner Glenn for further proceedings.
IT IS THEREFORE, ORDERED that:
1. Deputy Commissioner Glenn's Order on Confidentiality and Non-Disclosure is VACATED, without prejudice. This matter is remanded to Deputy Commissioner Glenn.
2. Deputy Commissioner Glenn shall conduct a new hearing following the process outlined in the applicable federal statutes and the Code of Federal Regulations.
3. The hearing shall be recorded by a court reporter. Defendant shall provide notice of plaintiff's request for information and of the hearing to all affected patients in compliance with procedures established by federal regulations since defendant is in a better position than plaintiff to provide such notice. Defendant shall consult with plaintiff concerning the contents of the notice and if the parties cannot agree on the language, Deputy Commissioner Glenn shall resolve the dispute.
 S/____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_________________ LAURA K. MAVRETIC COMMISSIONER
 S/_________________ DIANNE C. SELLERS COMMISSIONER