CHARISSA YOUNG, Plaintiff v. KIMBERLY-CLARK CORPORATION, FRED HART, Individually, and BRETT SAMUELS, Individually, Defendants

No. COA11-1020

(Filed 21 February 2012)

## 1. Appeal and Error—interlocutory orders and appeals—substantial right—compelling discovery

Plaintiff's appeal from an interlocutory discovery order requiring her to produce information and documents, which she claimed were protected by various privileges, affected a substantial right and was immediately appealable.

## 2. Discovery—medical records—emotional distress claim—waiver

The superior court did not abuse its discretion in a wrongful termination case by ordering the production of plaintiff's medical records that allegedly involved purely physical conditions unrelated to her mental or emotional condition. Plaintiff's arguments were speculative and hypothetical. Further, the statutory privileges accorded communications between a patient and various medical providers is impliedly waived if the patient brings a claim for emotional distress since this type of claim places her medical condition at issue.

## 3. Discovery—names of persons contacted by counsel—work-product doctrine inapplicable—identification

The trial court did not err in a wrongful termination case by requiring plaintiff to disclose the names of persons contacted by her counsel even though plaintiff contended it violated the work-product doctrine and her right against disclosure of trial witnesses until prior to trial. Contrary to plaintiff's assertion, the order only required plaintiff to comply with her already existing

discovery obligations and merely required identification of the persons contacted.

**4. Discovery—tax returns—mitigation defense—loss of past and future earnings—certification**

The trial court did not err in a wrongful termination case by ordering plaintiff to disclose her tax returns even though plaintiff contended the information contained in them was available from other sources. Information from the tax returns was relevant to the subject matter as it related to both the mitigation defense of the party seeking discovery and plaintiff's claim for loss of past and future earnings. Further, plaintiff's own certification as to her income was available only on the income tax returns themselves.

Appeal by plaintiff from order entered 28 February 2011 by Judge Gary M. Gavenus in Superior Court, Haywood County. Heard in the Court of Appeals 9 February 2012.

*Law Offices of Glen C. Shults, by Glen C. Shults, for plaintiff-appellant.*

*Goldsmith, Goldsmith & Dews, P.A., by C. Frank Goldsmith, Jr., for defendants-appellees.*

STROUD, Judge.

Charissa Young ("plaintiff") appeals from an order compelling discovery of medical records and information, identification of persons contacted by plaintiff or her counsel as to her claim, and plaintiff's federal and state income tax returns. For the reasons stated below, we affirm.

## I. Background

Plaintiff was employed by defendant Kimberly-Clark Corporation from "in or about 1991" until June 2008, when plaintiff alleges that she was wrongfully terminated by defendant Kimberly-Clark, as a result of her filing a workers' compensation claim for a compensable injury she suffered on 5 December 2007. Plaintiff filed a complaint against the Kimberly-Clark Corporation; Fred Hart, individually; and Brett Samuels, individually (collectively referred to herein as "defendants") on 30 June 2009, alleging claims against defendant Kimberly-Clark for violation of the Retaliatory Employment Discrimination Act (N.C. Gen. Stat. § 95-240 *et seq.*) and wrongful discharge in violation of public policy and claims against all three defendants for gross negli-

gence, negligent infliction of emotional distress, and tortious interference with a contract. Plaintiff sought damages including both past and future "lost wages, bonus payments, employment benefits, and interest" as well as "compensatory damages for emotional distress and/or pain and suffering[.]" On 3 January 2011, defendant Kimberly-Clark filed a motion to compel discovery from plaintiff "regarding Plaintiff's health care providers and her physical and mental health;" identification of "all individuals from whom Plaintiff has obtained a statement or affidavit and . . . all Kimberly-Clark employees who have been contacted in connection with Plaintiff's claim;" and "copies of Plaintiff's tax returns from January 1, 2007 to the present." On 28 February 2011, the trial court entered an order allowing in part and denying in part defendant Kimberly-Clark's motion to compel discovery from plaintiff. Plaintiff timely appealed from this order.

## II. Interlocutory order

**[1]** The order compelling discovery is an interlocutory order, and interlocutory orders are normally not immediately appealable. *Mims v. Wright*, 157 N.C. App. 339, 341, 578 S.E.2d 606, 608 (2003).

> Orders that are interlocutory are subject to immediate appeal when they affect a substantial right of a party. [*Mims v. Wright*, 157 N.C. App. 339, 341, 578 S.E.2d 606, 608 (2003)] " '[W]hen, as here, a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right. . . .' " *Id.* (quoting *Sharpe v. Worland*, 351 N.C. 159, 166, 522 S.E.2d 577, 581 (1999)).

*Midkiff v. Compton*, 204 N.C. App. 21, 24, 693 S.E.2d 172, 174, *cert. denied*, 364 N.C. 326, 700 S.E.2d 922 (2010).

Because plaintiff claims that the discovery order requires her to produce information and documents which are protected by various privileges, the order affects a substantial right and is immediately appealable. *See Sharpe v. Worland*, 351 N.C. 159, 165-66, 522 S.E.2d 577, 580-81 (1999).

## III. Standard of Review

> When reviewing a trial court's ruling on a discovery issue, our Court reviews the order of the trial court for an abuse of discretion. *Midgett v. Crystal Dawn Corp.*, 58 N.C. App. 734, 737, 294 S.E.2d 386, 388 (1982) (noting that ordinarily, orders relat-

ing to discovery are addressed to the discretion of the trial court and are to be reviewed for abuse of discretion). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

*Midkiff*, 204 N.C. App. at 24, 693 S.E.2d at 175. On appeal plaintiff argues that the trial court erred in ordering her to produce (1) her medical records; (2) the names of persons contacted by her counsel; and (3) her tax returns.

## IV. Medical records

The trial court's order compelling discovery addressed defendant's request for production of plaintiff's medical records as follows:

1. Interrogatories 4 and 5, Document Production Requests 15 and 16. These requests seek information and records concerning plaintiff's medical treatment (including treatment for mental or emotional conditions) within the ten years prior to service of the requests. Plaintiff refused to provide any such information except for the period after December 5, 2007, when she injured her knee at work. The Court finds defendant's requests to be proper and to be within the scope of discovery as set forth in Rule 26, N.C.R. Civ. P., as plaintiff has placed her mental and emotional health in issue by asserting a claim for infliction of emotional distress and by seeking emotional distress damages in other claims in this action, and her medical records may reasonably be sources of information on that issue. In addition, plaintiff's medical condition is relevant to her ability to earn income from other employment. However, the Court, in its discretion, finds that five years from service of the requests, rather than the ten years sought by defendant, is a reasonable period for the scope of defendant's request, absent a showing that a longer period is necessary for the discovery of such information. Defendant's motion to compel discovery as to these requests is, therefore, ALLOWED, and plaintiff is ORDERED to answer fully Interrogatories 4 and 5, and to produce the documents requested in Document Production Requests 15 and 16 (or to execute a release permitting defendant to obtain them), except that such answers and production shall cover the period beginning five years prior to service of the requests. Plaintiff shall answer the inter-

rogatories and produce the requested documents or executed release as soon as possible, so as not to delay further this litigation, and in any event within ten days from the entry of this order.

[2] Plaintiff first argues that the "superior court erred in ordering the production of plaintiff's medical records that involve purely physical conditions, which are unrelated to her mental or emotional condition." Plaintiff contends that the trial court failed to draw a distinction between records regarding "purely physical conditions that caused no emotional distress" and physical conditions which did cause emotional distress. Plaintiff notes that "[t]he medical records would *presumably* show whether Young experienced any emotional distress for any of the physical or emotional conditions for which she sought treatment, and only those records should be produced." (emphasis added). She argues at length about the failure of the trial court to make any "finding of a causal or historical relationship between Plaintiff's emotional distress claims and the records ordered to be produced." Defendants counter that the trial court did not abuse its discretion in compelling plaintiff to produce her medical records as she waived the patient-physician privilege when she brought an action which placed her medical condition at issue.

Even if we assume *arguendo* that the trial court could make any sort of clear distinction between "purely physical conditions" and physical conditions which cause emotional distress based merely upon perusal of medical records—a proposition we sincerely doubt—we first note that in order for the trial court to make this type of determination as to the information which may be revealed in plaintiff's medical records, plaintiff would have had to produce the records to the trial court for *in camera* review; this she did not do. Plaintiff's arguments in this regard are speculative and hypothetical. In addition, our Court has held specifically that the statutory privileges accorded communications between a patient and various medical providers is impliedly waived if the patient brings a claim for emotional distress, as this type of claim places her medical condition at issue.

> North Carolina has created by statute a privilege for communications between a physician and patient. *See* N.C. Gen. Stat. § 8-53 (2005) (for doctors); *see also* N.C. Gen. Stat. § 8-53.3 (2005) (for psychologists); N.C. Gen. Stat. § 8-53.7 (2005) (for social workers); N.C. Gen. Stat. § 8-53.8 (2005) (for counselors). "It is the purpose of such statutes to induce the patient to make full

disclosure that proper treatment may be given, to prevent public disclosure of socially stigmatized diseases, and in some instances to protect patients from self-incrimination." *Sims v. Charlotte Liberty Mut. Insurance Co.*, 257 N.C. 32, 36, 125 S.E.2d 326, 329 (1962). The privilege "extends, not only to information orally communicated by the patient, but to knowledge obtained by the physician or surgeon through his own observation or examination while attending the patient in a professional capacity, and which was necessary to enable him to prescribe." *Smith v. John L. Roper Lumber Co.*, 147 N.C. 62, 64, 60 S.E. 717, 718 (1908).

This patient-physician privilege is not absolute, however, and may be waived, either by express waiver or by waiver implied from the patient's conduct. *Mims v. Wright*, 157 N.C. App. 339, 342, 578 S.E.2d 606, 609 (2003). We have recognized that a patient impliedly waives this privilege when she opens the door to her medical history by bringing an action, counterclaim, or defense that places her medical condition at issue. *Id.* at 342-43, 578 S.E.2d at 609. Here, by bringing a claim for emotional distress, which alleges that defendants' actions caused decedent to withdraw from her college studies and caused an overall loss in decedent's enjoyment of life, we find that plaintiff has placed decedent's mental health and history of substance abuse at issue. Thus, plaintiff has impliedly waived the patient-physician privilege conferred by § 8-53 *et seq.*

*Spangler v. Olchowski*, 187 N.C. App. 684, 691, 654 S.E.2d 507, 512-13 (2007). The trial court did not abuse its discretion by ordering plaintiff's production of the requested medical records for a period beginning five years prior to service of the discovery request.[1] Plaintiff's argument is without merit.

## V.  Attorney work product

[3]  Plaintiff next argues that the trial court's order "requiring plaintiff to disclose the names of persons contacted by her counsel violates the work-product doctrine, and plaintiff's right against disclosure of

---

1. Defendant Kimberly Clark does not raise any argument as to the limitation of discovery to a period of five years, instead of ten years as requested. However, this opinion should not be construed as setting any particular time limitation upon the discovery of medical information, as the determination of the time period is well within the discretion of the trial court, and the proper time period may differ based upon the particular claims raised in a case and the conditions suffered by the person whose records are sought.

trial witnesses until prior to trial." Defendants counter that plaintiff's argument "inaccurately characterizes" the trial court's order because the order does not require her to disclose information protected by the attorney work product doctrine but "only requires [her] to comply with her already existing discovery obligations." The trial court's order regarding this issue states as follows:

> 2. <u>Interrogatories 17 and 18.</u> These interrogatories ask the plaintiff for information about current or former employees of the defendant that she or anyone on her behalf (such as her counsel) has contacted regarding her claims in this action, and about any persons from whom she has obtained any verbal or written statement or affidavit. Plaintiff objected to these questions and refused to answer them insofar as they seek information obtained by her counsel, contending that such information is protected by the attorney work product doctrine. The Court notes that in Interrogatory 2, defendant asked plaintiff to identify all persons having knowledge or information relating to the subject matter of this action, and plaintiff answered that interrogatory and agreed to supplement her response as additional information is obtained. The Court finds that supplemental answers to Interrogatory 2 will satisfy defendant's need for most, if not all, of the information requested in Interrogatories 17 and 18. Therefore defendant's motion to compel answers to Interrogatories 17 and 18 is DENIED, except that plaintiff is ORDERED to supplement her answers to Interrogatory 2 by providing the information requested in that interrogatory as to all persons having knowledge or information relating to the subject matter of this action, including persons contacted by plaintiff or her counsel; regardless of whether the information supports one side or the other.

Plaintiff, citing generally Wright, Miller & Marcus, *Federal Practice & Procedure: Civil* § 2028, argues that "[t]he work-product doctrine protects from disclosure the identities of persons contacted by a party's counsel, absent showing of a particular need." Even if this treatise were a binding authority for this Court—and it is not—plaintiff's argument mischaracterizes the content of Section 2028. Plaintiff cites no applicable authority in support of this argument and her argument entirely ignores the definition of the work product doctrine as set forth by North Carolina's courts. In *Boyce & Isley, PLLC v. Cooper*, 195 N.C. App. 625, 673 S.E.2d 694, *disc. review denied*, 363

N.C. 651, 686 S.E.2d 512 (2009), this Court clearly stated the circumstances under which the attorney work product doctrine applies:

> In order to successfully assert protection based on the work product doctrine, the party asserting the protection . . . bears the burden of showing (1) that the material consists of documents or tangible things, (2) which were prepared in anticipation of litigation or for trial, and (3) by or for another party or its representatives which may include an attorney, consultant . . . or agent.

> [*Isom v. Bank of Am., N.A.*, 177 N.C. App. 406, 412-13, 628 S.E.2d 458, 463 (2006)] (citations and internal quotation marks omitted; second alteration in original).

> Although not a *privilege*, the exception is a "qualified immunity" and extends to all materials prepared "in anticipation of litigation or for trial by or for another party or by or for that other party's consultant, surety, indemnitor, insurer, *or agent.*" The protection is allowed not only [for] materials prepared after the other party has secured an attorney, but those prepared under circumstances in which a reasonable person might anticipate a possibility of litigation. Materials prepared in the ordinary course of business are not protected, nor does the protection extend to *facts* known by any party.

> *Willis v. Power Co.*, 291 N.C. 19, 35, 229 S.E.2d 191, 201 (1976) (citations omitted). "[N]o discovery whatsoever of [work product containing] the 'mental impressions, conclusions, opinions, or legal theories of an attorney *or other representative* of a party' concerning the litigation at bar . . . is permitted under [N.C.R. Civ. P. 26(b)(3)]." *Id.* at 36, 229 S.E.2d at 201 (citation omitted). However, documents that constitute work product but that do not contain or reflect the aforementioned input of an attorney or other representative may be discoverable "[u]pon a showing of 'substantial need' and 'undue hardship' involved in obtaining the substantial equivalent[.]" *Id.* "In the interests of justice, the trial judge may require *in camera* inspection and may allow discovery of only parts of some documents." *Id.*

*Id.* at 637-38, 673 S.E.2d at 702 (emphasis in original). The portion of the trial court's order which is at issue in this appeal required plaintiff to identify "all persons having knowledge or information relating to the subject matter of this action, including persons contacted by

plaintiff or her counsel . . . ." The identification of a person is clearly not (1) a "document[] or tangible thing[], (2) which [was] prepared in anticipation of litigation or for trial, and (3) by or for another party or its representatives which may include an attorney, consultant . . . or agent." *See id.* The trial court's order does not require the production of any witness statements which may have been taken by plaintiff's counsel or any information at all beyond identification of the persons contacted. Therefore, we find no abuse of discretion.

Plaintiff, citing *King v. Koucouliotes*, 108 N.C. App. 751, 425 S.E.2d 462 (1993), also argues that "[u]nder North Carolina law, a party may discover the names of the opposing party's *trial witnesses* at the pre-trial conference, and even earlier in the litigation upon a showing of particular need[,]" and that as defendant Kimberly Clark has shown no particular need, it is not entitled to discovery. (Emphasis added.) This is true, but irrelevant. The trial court's order does not require plaintiff to identify persons she may call as witnesses at trial; it requires identification of persons contacted, "regardless of whether the information supports one side or the other." This argument is also without merit.

VI.  Income tax returns

[4]  The last portion of the trial court's order challenged by plaintiff provides as follows:

> 3. Document Production Request 9. This request asked plain-tiff to produce documents reflecting her income from January 1, 2007, through the conclusion of this action, including her state and federal income tax returns. The Court finds that this request is proper, reasonable in scope, and reasonably calcu-lated to lead to the discovery of admissible evidence, inasmuch as plaintiff's earnings from other employment are relevant to the issue of whether she has mitigated her alleged damages, and the inclusion of income from the year 2007 is necessary to provide a baseline against which to measure income received in subsequent years from sources other than her employment with defendant Kimberly-Clark Corporation. Therefore it is ORDERED that plaintiff's motion is ALLOWED as to Document Production Request 9, and plaintiff shall provide the requested documents, or execute a release permitting defendant to obtain them, within ten days from the entry of this order.

Plaintiff argues that the trial court "erred in ordering plaintiff to disclose her tax returns because the information contained in them is

available from other sources."[2] Defendants respond that plaintiff's "state and federal tax returns are relevant and discoverable." Plaintiff cites various federal cases addressing the "policy against disclosure of federal income tax returns" and notes that she "has not found any North Carolina case law addressing the same issue with respect to state tax returns." The only North Carolina authority cited in support of this argument is N.C. Gen. Stat. § 105-259(b) (2009), which restricts "[a]n officer, an employee, or an agent of the State who has access to tax information in the course of service to or employment by the State may not disclose the information to any other person except as provided in this subsection[.]" This statute is clearly inapplicable in this situation, as *plaintiff* is the person who has been directed to disclose her own income tax returns.

N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (2009) provides that

> In General.—Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence nor is it grounds for objection that the examining party has knowledge of the information as to which discovery is sought.

> The frequency or extent of use of the discovery methods set forth in section (a) shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other

2. Plaintiff does not raise any argument or objection in this appeal as to production of her "W-2 forms, payroll check stubs, bank deposit slips, bank statements, unemployment and workers' compensation documents, and state or federal welfare or disability benefits documents" which were also included in the request for production No. 9, but addresses only her "federal and state income tax returns for the years 2007, 2008 and 2009 (upon preparation of same)[.]" We note that the request for production also requests all documents relating to the "amount and source of income received by, or accruing to, Plaintiff from January 1, 2007, and *continuing to the conclusion of this lawsuit,*" (emphasis added) so as of the issuance of this opinion, the trial court's order would also apply to plaintiff's income tax returns for 2010 and 2011.

source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. The court may act upon its own initiative after reasonable notice or pursuant to a motion under section (c).

Plaintiff has alleged that defendants' actions have caused her to suffer "substantial damage, including but not limited to pain and suffering, emotional distress, and loss of wages, tenure, bonuses, medical and other benefits, job security, as well as damage to her professional reputation and career." Defendants have alleged, as one of their twenty-one affirmative defenses, that plaintiff is barred from recovery "to the extent that Plaintiff failed to mitigate her damages, if any. Any damages alleged by Plaintiff must be offset by interim earnings, severance pay, unemployment compensation, workers['] compensation and any other pay or benefits, as required by law." Thus, information regarding plaintiff's earnings is entirely "relevant to the subject matter involved in the pending action" and it relates both to "the . . . defense of the party seeking discovery[,]" specifically defendant's defense of mitigation of damages, and "to the claim . . . of any other party," specifically plaintiff's claim for loss of past and future earnings. *See id.* The availability of information from another source is not a ground for objection under Rule 26(b)(1), which sets forth limitations on the extent of discovery. Plaintiff's argument that her tax returns are not discoverable because "the information contained in them is available from other sources" is nonsensical. In fact, Rule 26(b) provides that it is "not ground for objection that . . . the examining party has knowledge of the information as to which discovery is sought." *Id.* If the fact that defendant Kimberly Clark may already have knowledge of the information is not a ground for objection, certainly the fact that the information is available elsewhere is no ground for objection. In fact, contrary to plaintiff's argument, an income tax return does contain information which is uniquely available on the return itself, as the taxpayer is required to sign the income tax return under penalty of perjury, certifying that the information in the return is true and complete: Federal income tax forms 1040, 1040A, and 1040EZ all require the taxpayer to sign a similar declaration: "Under penalties of perjury, I declare that I have

examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge." *See* 26 U.S.C. § 6065 (2009) (requiring that "any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury"). The plaintiff's own certification as to her income is available *only* on the income tax returns themselves. The trial court did not abuse its discretion by ordering production of plaintiff's federal and state income tax returns.

For the reasons stated above, the trial court properly exercised its discretion in setting the limits upon discovery as stated in its order, and the order allowing in part and denying in part defendant Kimberly Clark's motion to compel discovery is affirmed.

AFFIRMED.

Judges STEPHENS and BEASLEY concur.