NICOLE ANGELINE MOSTELLER Plaintiff, v. GARY WAYNE STILTNER, Defendant

No. COA12-89

(Filed 3 July 2012)

### Witnesses—licensed clinical social worker—assertion of privilege—no standing

An appeal by a licensed clinical social worker from an order requiring compliance with a subpoena was dismissed because the social worker lacked standing. The social worker asserted the statutory privilege under N.C.G.S. § 8-53.7, which is identical to the physician-patient privilege, but the privilege belongs to the patient and there was no indication in the record that the patient asserted the privilege.

Appeal by non-party deponent from order entered 10 October 2011 by Judge C. Thomas Edwards in Catawba County District Court. Heard in the Court of Appeals 7 June 2012.

*Davis & Hamrick, L.L.P., by Jason L. Walters, for non-party deponent appellant Susan Indenbaum.*

*No brief filed for plaintiff appellee.*

*No brief filed for defendant appellee.*

McCULLOUGH, Judge.

Nicole Angeline Mosteller ("plaintiff") commenced the underlying action by filing a complaint against Gary Wayne Stiltner ("defendant") for child custody and child support of their minor daughter. In response, defendant filed an answer and counterclaim also seeking child custody and child support of the minor. In connection with the underlying action, on 26 July 2011, counsel for plaintiff filed and served a notice of deposition and subpoena *duces tecum* on appellant, Susan Indenbaum ("Indenbaum"), with whom defendant had consulted for therapy and counseling services. The subpoena requests both the deposition testimony of Indenbaum, as well as the production of "all records regarding any treatment, sessions, counseling, therapy, or meetings with [defendant] from the beginning of time through and including date of this subpoena."

Indenbaum is a licensed clinical social worker by the State of North Carolina. On 12 September 2011, Indenbaum filed a motion for

a protective order and a motion to quash the subpoena, asserting the statutory privilege between a licensed clinical social worker and her patient under N.C. Gen. Stat. § 8-53.7 (2011). The trial court held a hearing on the motions, and on 10 October 2011, the trial court entered an order requiring Indenbaum's compliance with the subpoena.

Indenbaum filed a written notice of appeal from the trial court's order to this Court on 4 November 2011. Neither plaintiff nor defendant submitted briefs in this matter. Rather, plaintiff has filed a motion to dismiss Indenbaum's appeal, asserting that Indenbaum lacks standing to appeal the trial court's order, and therefore, we must dismiss her appeal for lack of jurisdiction. We agree.

Under N.C. Gen. Stat. § 8-53.7 (2011), entitled "Social worker privilege":

> No person engaged in delivery of private social work services, duly licensed or certified pursuant to Chapter 90B of the General Statutes shall be required to disclose any information that he or she may have acquired in rendering professional social services, and which information was necessary to enable him or her to render professional social services: provided, that the presiding judge of a superior or district court may compel such disclosure, if in the court's opinion the same is necessary to a proper administration of justice and such disclosure is not prohibited by G.S. 8-53.6 or any other statute or regulation.

*Id.* We note this privilege between social worker and patient is identical in both operation and effect to the privilege that exists between physician and patient provided under N.C. Gen. Stat. § 8-53 (2011). Given these similarities, and given that there is no law in North Carolina concerning the social worker privilege, as Indenbaum concedes, we look to the body of law concerning the physician-patient privilege for guidance.

It is well-established in North Carolina that "[t]he privilege belongs to the patient." *Cates v. Wilson*, 321 N.C. 1, 15, 361 S.E.2d 734, 742 (1987) (quoting *Capps v. Lynch*, 253 N.C. 18, 22, 116 S.E.2d 137, 141 (1960)). "The physician-patient privilege is strictly construed and the patient bears the burden of establishing the existence of the privilege and objecting to the introduction of evidence covered by the privilege." *Roadway Express, Inc. v. Hayes*, 178 N.C. App. 165, 170, 631 S.E.2d 41, 45 (2006); *see also Mims v. Wright*, 157 N.C. App. 339, 342, 578 S.E.2d 606, 609 (2003) ("Because this statutory [physician-

patient] privilege is to be strictly construed, the patient bears the burden of establishing the existence of the privilege and objecting to the discovery of such privileged information[.]" (citations omitted)).

"Moreover, the privilege is not absolute and may be waived, either by express waiver or by waiver implied from the patient's conduct." *Mims*, 157 N.C. App. at 342, 578 S.E.2d at 609; *see also Spencer v. Spencer*, 70 N.C. App. 159, 165, 319 S.E.2d 636, 642 (1984). "[I]t is well-established that a failure to object to requested disclosure of privileged information constitutes a waiver of that privilege." *In re K.D.*, 178 N.C. App. 322, 326, 631 S.E.2d 150, 153 (2006) (addressing assertion of psychologist-patient privilege under N.C. Gen. Stat. § 8-53.3). "A patient may expressly or impliedly waive his physician-patient privilege during discovery and at trial." *Adams v. Lovette*, 105 N.C. App. 23, 28-29, 411 S.E.2d 620, 624 (1992). Accordingly, our Supreme Court has held that "[i]n North Carolina the statutory privilege is not absolute, but is qualified. *A physician or surgeon may not refuse to testify;* the privilege is that of the patient." *Sims v. Insurance Co.*, 257 N.C. 32, 38, 125 S.E.2d 326, 331 (1962) (emphasis added); *see also State v. Bryant*, 5 N.C. App. 21, 26, 167 S.E.2d 841, 845-46 (1969). Indeed, this Court has reiterated that "our Supreme Court has held that the privilege created by that statute is for the benefit of the patient alone[.]" *In re Farrow*, 41 N.C. App. 680, 682, 255 S.E.2d 777, 779 (1979) (citation omitted). The facts and circumstances of a particular case determine whether a patient's conduct constitutes an implied waiver, and "a patient impliedly waives his privilege when he does not object to requested disclosures of the privileged information." *Adams*, 105 N.C. App. at 29, 411 S.E.2d at 624.

Applying the foregoing principles to the assertion of the social worker privilege under the facts of this case, we fail to see how Indenbaum has standing to refuse to testify or produce her documents, and to appeal the trial court's order compelling her to do so, when there is no indication in the record before this Court that defendant, the patient, has asserted the privilege Indenbaum seeks to guard. The trial court's order indicates that defendant was present at the underlying hearing on Indenbaum's motion to quash the subpoena, yet there is no evidence in the record indicating defendant objected to the deposition of Indenbaum or the production of her records. Indeed, defendant neither filed notice of appeal nor filed a brief with this Court challenging the trial court's order compelling Indenbaum to testify and produce documents concerning his counseling with Indenbaum. Had he done so, as both the patient and a party to the

action, we would have reached the merits of such a challenge. *See, e.g., Sharpe v. Worland*, 351 N.C. 159, 166, 522 S.E.2d 577, 581 (1999) ("[W]hen . . . a *party* asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right [allowing for review of the interlocutory discovery order]." (emphasis added)).

Nonetheless, the record before this Court, and the actions of defendant in not participating in this appeal, demonstrate that defendant, the patient, has raised no objection to Indenbaum's testimony or document production. Accordingly, because the privilege belongs to defendant alone, Indenbaum has no standing to appeal the trial court's order compelling her compliance with the subpoena. *See Henke v. First Colony Builders, Inc.*, 126 N.C. App. 703, 704, 486 S.E.2d 431, 432 (1997) ("It is well settled that an appeal may only be taken by an aggrieved real party in interest. A person aggrieved is one adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights." (internal quotation marks and citations omitted)). Therefore, we dismiss her appeal in this matter.

Dismissed.

Judges CALABRIA and STROUD concur.