JAKE ALLEN McGINNIS, SR. v. BETTY JEAN McGINNIS

No. 8327DC301

(Filed 21 February 1984)

Evidence § 14— psychiatrist's testimony improperly admitted—physician-patient privilege applicable

 In an action for divorce and alimony, the trial court erred in allowing into evidence testimony by a psychiatrist concerning treatment of defendant since defendant did not waive the privilege and since there was no finding that the interest of justice required that the privilege be withheld. G.S. 8-53.

APPEAL by defendant from *Carpenter, Judge.* Judgment entered 3 December 1982 in District Court, GASTON County. Heard in the Court of Appeals 14 February 1984.

Plaintiff brought an action against his wife in which he sought a divorce from bed and board and sole possession of the home titled in the name of the plaintiff individually. Defendant filed an answer and counterclaim seeking equitable distribution of the marital assets, a divorce from bed and board, permanent alimony, and attorney fees. Plaintiff filed a reply in which he denied the allegations of the counterclaim.

The parties lived in the same house intermittently following the filing of the present action until Gaston County District Court ordered defendant to vacate the house and directed defendant not to remove numerous items of personal property from the residence. Plaintiff filed a motion to have defendant held in contempt for removing the aforesaid items of personal property. Defendant was held in contempt with punishment to be determined by the judge presiding at the jury trial on the permanent alimony issue.

When the case was called for trial, plaintiff announced that he had filed for an absolute divorce in Mecklenburg County, and that he was abandoning his prayer for relief for a divorce from

bed and board. Defendant went forward with her evidence. Issues were submitted to the jury and answered as follows:

> 1. Has the Plaintiff rendered such indignities to the person of the Defendant so as to render her condition intolerable and life burdensome? *Yes.*

> 2. Has the Defendant rendered such indignities to the person of the Plaintiff so as to render his condition intolerable and life burdensome? *Yes.*

The trial court denied defendant's claim for permanent alimony and ordered the defendant to serve thirty days in jail for contempt. Defendant appealed.

*No brief filed for plaintiff appellee.*

*Childers, Fowler & Childers by Max L. Childers and David C. Childers for defendant appellant.*

HILL, Judge.

Defendant contends the trial court erred in allowing in its entirety the testimony of defendant's psychiatrist concerning treatment defendant received from him in his capacity as a psychiatrist. Objection was made to the psychiatrist's testimony by defendant on the grounds that any communication regarding the psychiatrist was privileged information.

North Carolina has created by statute a privilege for communications between physician and patient. See G.S. 8-53 (for doctors); see also G.S. 8-53.3 (for psychologists). "It is the purpose of such statutes to induce the patient to make full disclosure that proper treatment may be given, to prevent public disclosure of socially stigmatized diseases, and in some instances to protect patients from self-incrimination." *Sims v. Insurance Co.*, 257 N.C. 32, 36, 125 S.E. 2d 326, 329 (1962). The physician-patient privilege "extends, not only to information orally communicated by the patient, but to knowledge obtained by the physician or surgeon through his own observation or examination while attending the patient in a professional capacity, and which was necessary to enable him to prescribe." *Smith v. Lumber Co.*, 147 N.C. 62, 64, 60 S.E. 717, 718 (1908). The privilege is for the benefit of the patient alone; the patient may waive the privilege. *Capps v. Lynch*, 253

N.C. 18, 116 S.E. 2d 137 (1960). The privilege is a qualified, rather than an absolute, privilege in that the judge has discretion to "compel such disclosure, if in his opinion the same is necessary to a proper administration of justice." G.S. 8-53.

Applying these basic tenets to the case under review, we are of the opinion that the psychiatrist cannot divulge defendant's communications unless defendant waived the physician-patient privilege, or the interests of justice required that the privilege be withheld. Neither exception existed in the case under review.

1. *Waiver.* The physician-patient privilege was not waived. Defendant did not offer the testimony of her treating psychiatrist which would open the door and waive the privilege. Rather, the psychiatrist was presented as a witness by the plaintiff, and when such an offer was made, defendant by her objections refused to waive her legal right not to have the psychiatrist disclose the nature of her visits.

2. *The interests of justice.* The trial judge "may, in his discretion, compel disclosure of such communications if, in his opinion, it is necessary to a proper administration of justice and he so finds and enters such finding on the record." *Capps v. Lynch, supra* at 22, 116 S.E. 2d at 141. In the case under review, the trial judge did not find nor did he enter a finding on the record that disclosure of defendant's communications was necessary to the administration of justice. Instead, the psychiatrist's testimony concerning defendant's mental condition was admitted in its entirety over objection by defendant. The beneficial effects that may emerge from a therapeutic relationship cannot be fully achieved unless there is a trusting relationship between a psychologist and patient which is founded on a sense of complete confidentiality. Only on that basis are most people willing to open up their innermost personalities and disclose the most private and sometimes painful aspects of their inner selves. Absent a finding that the interests of justice require the privilege be withheld, we hold that the breach of defendant's confidential therapeutic relationship in this jury trial constituted prejudicial error necessitating a new trial.

Finally, because of our disposition contained herein, defendant's motion to amend the record on appeal becomes moot.

New trial.

Judges HEDRICK and EAGLES concur.