MICHAEL WAYNE ADAMS v. JOSEPH SCOTT LOVETTE

No. 9112SC187

(Filed 7 January 1992)

1. **Evidence and Witnesses § 2658 (NCI4th)— medical records— objection on grounds of relevance—privilege waived**

   When plaintiff requested defendant's medical records, defendant impliedly waived his alleged privilege because he objected to the request, not on the ground of privilege, but on the ground of relevance. N.C.G.S. § 8-53.

   **Am Jur 2d, Trial § 426.**

2. **Automobiles and Other Vehicles § 697 (NCI4th)— identity of driver—defendant's medical records excluded—no error**

   In an action to recover for injuries sustained by plaintiff in an automobile accident, plaintiff was not entitled to a new trial based on the trial court's alleged abuse of discretion in finding that defendant's medical records contained no relevant information on who was driving for purposes of discovery,

ADAMS v. LOVETTE

[105 N.C. App. 23 (1992)]

since in light of the uncontroverted facts that neither party could remember who had been driving at the time of the accident, the plaintiff was found outside the driver's door, the defendant was found in the passenger's seat, the passenger's seat was separated from the driver's seat by a console, and the passenger's door was "jammed shut," plaintiff did not show that a different result would have likely occurred had the trial court not committed the alleged error. N.C.G.S. § 1A-1, Rule 26(b).

**Am Jur 2d, Automobiles and Highway Traffic § 996.**

**Proof, in absence of direct testimony by survivors or eyewitnesses, of who, among occupants of motor vehicle, was driving it at time of accident. 32 ALR2d 988.**

Judge WYNN dissenting.

APPEAL by plaintiff from order entered 23 February 1990 by *Judge E. Lynn Johnson* and order entered 2 November 1990 by *Judge Gregory A. Weeks* in CUMBERLAND County Superior Court. Heard in the Court of Appeals 14 November 1991.

*Rand, Finch & Gregory, P.A., by Thomas Henry Finch, Jr., for plaintiff-appellant.*

*Singleton, Murray, Craven & Inman, by Rudolph G. Singleton, Jr., for defendant-appellee.*

GREENE, Judge.

Plaintiff appeals from orders entered 23 February 1990 and 2 November 1990 denying his motion to compel the production of the defendant's medical records and denying his motion for a new trial.

In the early morning hours of 13 September 1986, as either the plaintiff or the defendant was driving the defendant's car southward on Graham Road in Cumberland County, North Carolina, the car crossed the center line, struck a driveway embankment, and came to a rest in a yard on the east side of the road. At approximately 1:30 a.m., someone discovered the defendant's wrecked car sitting upright in the yard. The driver's door was open, and the plaintiff was rolling slowly on the driveway about fifteen to twenty feet away from the open driver's door. The defendant was

ADAMS v. LOVETTE

[105 N.C. App. 23 (1992)]

found unconscious and sitting in the passenger's seat. An odor of alcohol was present in the car. A console separated the driver's and passenger's seats. The impact of the wreck damaged the right side of the defendant's car and "jammed shut" the passenger's door. It had to be opened with a five foot long pry bar. Both the plaintiff and the defendant were hospitalized with closed head injuries. Neither person could recall the events leading up to the accident, the accident itself, or which of them had been driving the car at the time of the accident. No one witnessed the accident.

On 6 September 1989, the plaintiff filed a complaint against the defendant alleging that the defendant's negligent driving on 13 September 1986 proximately caused the plaintiff's injuries. On 28 November 1989, the defendant filed an answer denying that he had been driving and alleging as an affirmative defense that if he had been driving, given that the plaintiff knew the defendant was intoxicated, the plaintiff was contributorially negligent for riding in the car with the defendant. On 5 December 1989, the plaintiff served on the defendant a request for production of all the defendant's medical records relating to the defendant's injuries. The defendant objected to the request on the grounds of relevance, prejudice, and burden, and the plaintiff filed a motion to compel the production of the medical records. The trial court ordered the defendant to provide it with the defendant's sealed medical records for an *in camera* review of them by the trial court. After the trial court reviewed the records, it denied the plaintiff's motion to compel finding "that there is nothing in said medical records providing relevant information as requested by Plaintiff . . . ." Following the correct procedure for *in camera* review of requested discovery materials when the request is denied, the trial court ordered the defendant's sealed medical records to "be retained in the file for the purpose of appellate review in the event of subsequent appeal." *See State v. Hardy*, 293 N.C. 105, 128, 235 S.E.2d 828, 842 (1977); *Mack v. Moore*, 91 N.C. App. 478, 483, 372 S.E.2d 314, 318 (1988), *disc. rev. denied*, 323 N.C. 704, 377 S.E.2d 225 (1989).

The case came on for trial at the 15 October 1990 civil session of the Cumberland County Superior Court. Before evidence was taken, the plaintiff made various motions in limine in which he requested, among other things, that the trial court prohibit the defendant from offering any evidence relating to the defendant's injuries, hospitalization, or consumption of alcohol before the acci-

dent. In response to this motion, the defendant offered his medical records subject to the deletion of a phrase in them which the defendant characterized as an "assumption" by a physician's assistant. The trial court granted the plaintiff's motion stating that it was bound by the previous discovery ruling on the medical records.

Both parties introduced evidence, and the trial court submitted the issues to the jury. On 26 October 1990, the jury returned a verdict finding that the plaintiff was not injured by the defendant's alleged negligence. The trial court entered a judgment accordingly, and the plaintiff made motions for judgment notwithstanding the verdict, for access to the defendant's medical records, and for a new trial. The trial court denied the plaintiff's motions, and the plaintiff appealed. The plaintiff then made a motion requesting that he be allowed to review the defendant's medical records for his appeal. The trial court denied this motion.

---

The issue is whether the trial court's alleged abuse of discretion in finding that the defendant's medical records contained no relevant information for purposes of discovery prejudiced the plaintiff requiring a new trial.

The plaintiff argues that because the trial court erred in finding that the defendant's medical records do not contain any relevant information for discovery purposes, he is entitled to a new trial.

North Carolina Gen. Stat. § 1A-1, Rule 34(a) (1990) provides in pertinent part that:

> [a]ny party may serve on any other party a request (i) to produce and permit the party making the request . . . to inspect and copy, any designated documents . . . or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . . .

This rule "is not, strictly speaking, a discovery procedure. Its purpose is not to discover the existence of documents or other tangible things but to require the production of those known to exist and which can be designated." W. Shuford, North Carolina Civil Practice and Procedure § 34-3 (3d ed. 1988). The rule serves to eliminate "strategic surprise," to permit "the issues to be simplified," and

to expedite the trial. 8 C. Wright & A. Miller, Federal Practice and Procedure § 2202 (1970).

"Rule 34 requires that as a prerequisite of production, documents must be (1) 'designated,' (2) 'within the scope' of Rule 26(b), and (3) in the 'possession, custody, or control' of a party from whom they are sought. The party seeking production must show that these prerequisites are satisfied." *Willis v. Duke Power Co.*, 291 N.C. 19, 31, 229 S.E.2d 191, 199 (1976). The defendant apparently concedes, and we agree, that the plaintiff adequately designated the defendant's medical records in his request for production and that those records were in the defendant's possession, custody, or control. *See id.* at 34, 229 S.E.2d at 200 (designation); W. Shuford, *supra*, §§ 34-6, -7 (designation and possession, custody, or control); 8 C. Wright & A. Miller, *supra*, § 2210 (possession, custody, or control). The trial court concluded, however, and the defendant argues on this appeal, that the plaintiff did not show that the defendant's medical records fall within the scope of N.C.G.S. § 1A-1, Rule 26(b) (1990).

The scope of discovery as delineated by N.C.G.S. § 1A-1, Rule 26(b) is stated in pertinent part as follows:

Unless otherwise limited by order of the court in accordance with these rules, . . . [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . .

Accordingly, subject to other discovery limitations not applicable here, the scope of discovery under N.C.G.S. § 1A-1, Rule 26(b) is limited only by considerations of privilege and relevance. *Stone v. Martin*, 56 N.C. App. 473, 476, 289 S.E.2d 898, 900, *disc. rev. denied*, 306 N.C. 392, 294 S.E.2d 220 (1982); *see also* N.C.G.S. § 1A-1, Rule 26(b)(3) (1990) (trial preparation materials); N.C.G.S. § 1A-1, Rule 26(b)(4) (1990) (expert testimony); N.C.G.S. § 1A-1, Rule 26(c) (1990) (protective orders); N.C.G.S. § 1A-1, Rule 35(a) (1990) (physical or mental examinations); 8 C. Wright & A. Miller, *supra*, § 2007 (scope of discovery limitations). We address these considerations in that order.

ADAMS v. LOVETTE

[105 N.C. App. 23 (1992)]

Privilege

[1]　When the plaintiff requested that the defendant produce his medical records, the defendant did not raise the issue of privilege; rather, he argued that his medical records were irrelevant, prejudicial, and burdensome. Likewise, during arguments on the plaintiff's motions in limine, the defendant stated that the physician-patient "privilege . . . has no application here." On appeal, however, he argues that his medical records are privileged under N.C.G.S. § 8-53 (1986), and therefore, because the trial court did not find that disclosure of these records was "necessary to a proper administration of justice," the trial court's order may not be disturbed. *See Sims v. Charlotte Liberty Mut. Ins. Co.*, 257 N.C. 32, 38-39, 125 S.E.2d 326, 331-32 (1962) (where trial court made no finding that admission of privileged hospital records was necessary to proper administration of justice, trial court did not err in excluding them); *McGinnis v. McGinnis*, 66 N.C. App. 676, 678, 311 S.E.2d 669, 671 (1984) (where trial court made no finding that admission of privileged information was necessary to proper administration of justice, trial court erred in admitting the information).

North Carolina Gen. Stat. § 8-53 provides in pertinent part as follows:

> No person, duly authorized to practice physic or surgery, shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon . . . . Any resident or presiding judge in the district, either at the trial or prior thereto, . . . may, subject to G.S. 8-53.6, compel disclosure if in his opinion disclosure is necessary to a proper administration of justice.

This qualified statutory privilege applies to requested disclosures whether they are made during discovery or at trial. W. Shuford, *supra*, § 26-7; *cf. In re Albemarle Mental Health Ctr.*, 42 N.C. App. 292, 299, 256 S.E.2d 818, 823, *disc. rev. denied*, 298 N.C. 297, 259 S.E.2d 298 (1979) (trial court may compel disclosure of privileged information prior to trial). "It is for the party objecting to discovery [of privileged information] to raise the objection in the first instance and he has the burden of establishing the existence of the privilege." 8 C. Wright & A. Miller, *supra*, § 2016. A patient may expressly or impliedly waive his physician-patient privilege

ADAMS v. LOVETTE

[105 N.C. App. 23 (1992)]

during discovery and at trial. *Id.; Cates v. Wilson*, 321 N.C. 1, 14, 361 S.E.2d 734, 742 (1987); *Sims*, 257 N.C. at 38, 125 S.E.2d at 331 (privilege belongs to patient); *cf. Crist v. Moffatt*, 326 N.C 326, 331, 389 S.E.2d 41, 44 (1990) (Supreme Court assumed *arguendo* that plaintiff had impliedly waived privilege during discovery). Although "[t]he facts and circumstances of a particular case determine whether a patient's conduct constitutes an implied waiver," *Crist*, 326 N.C. at 331, 389 S.E.2d at 44, a patient impliedly waives his privilege when he does not object to requested disclosures of the privileged information. *See id.; Spencer v. Spencer*, 70 N.C. App. 159, 165, 319 S.E.2d 636, 642 (1984) (failure to object at trial on grounds of privilege constitutes waiver of objection).

When the plaintiff requested the defendant's medical records, the defendant impliedly waived his alleged privilege because he objected to the request, not on the grounds of privilege, but on the grounds of relevance. Therefore, if such information is relevant for discovery purposes, such information falls within the scope of discovery under N.C.G.S. § 1A-1, Rule 26(b).

Relevance

[2] The test of relevancy under N.C.G.S. § 1A-1, Rule 26(b) differs from the more "stringent test" of relevancy under N.C.G.S. § 8C-1, Rule 401 (1988). *Willis*, 291 N.C. at 34, 229 S.E.2d at 200. Information is relevant for discovery purposes if it is "reasonably calculated to lead to the discovery of admissible evidence . . . ." N.C.G.S. § 1A-1, Rule 26(b)(1) (1990); *Willis*, 291 N.C. at 34, 229 S.E.2d at 200; *Shellhorn v. Brad Ragan, Inc.*, 38 N.C. App. 310, 314, 248 S.E.2d 103, 106, *disc. rev. denied*, 295 N.C. 735, 249 S.E.2d 804 (1978). Although this test must be construed liberally, *Willis*, 291 N.C. at 34, 229 S.E.2d at 200, "the determination of relevance is within the . . . [trial] court's discretion," 4 J. Moore, J. Lucas, & G. Grotheer, Moore's Federal Practice ¶ 26.56[1] (2d ed. 1991), and as with other discovery orders, may be reversed on appeal only upon a showing of abuse of that discretion. *Midgett v. Crystal Dawn Corp.*, 58 N.C. App. 734, 737, 294 S.E.2d 386, 388 (1982). A trial court abuses its discretion when "its actions are manifestly unsupported by reason." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

The plaintiff argues that the defendant's medical records contain relevant information concerning whether the defendant was driving the car at the time of the accident. At no time in the

course of this case, however, has the plaintiff been allowed to review the medical records. The plaintiff argues that he was put on notice during the hearing on his motions in limine that the medical records contain this type of information. At the hearing, the defendant offered his medical records subject to the deletion of an alleged "assumption" in them by a physician's assistant. Based upon the defendant's statements during the hearing, the plaintiff suggests that the alleged "assumption" was the following phrase: "patient was driving a car." In fact, the controversial phrase which appears twice in the defendant's medical records reads as follows: "He apparently ran off the road . . . ." Nothing else in the medical records suggests that the defendant was driving the car at the time of the accident. Assuming, without deciding, that the trial court abused its discretion in determining that this phrase was not "reasonably calculated" to lead to the discovery of admissible evidence, we hold that the alleged error did not prejudice the plaintiff. In light of the uncontroverted facts that neither party could remember who had been driving at the time of the accident, the plaintiff was found outside the driver's door, the defendant was found in the passenger's seat, the passenger's seat was separated from the driver's seat by a console, and the passenger's door was "jammed shut," the plaintiff has not shown that a different result would have likely occurred had the trial court not committed the alleged error. N.C.G.S. § 1A-1, Rule 61 (1990); *Warren v. City of Asheville*, 74 N.C. App. 402, 409, 328 S.E.2d 859, 864, *disc. rev. denied*, 314 N.C. 336, 333 S.E.2d 496 (1985) (appellant must show prejudice for new trial). Accordingly, the trial court's orders are

Affirmed.

Judge PARKER concurs.

Judge WYNN dissents with separate opinion.

Judge WYNN dissenting.

I agree with the majority that the defendant impliedly waived his physician-patient privilege in this case. As such, the focal issue of this appeal is whether, in fact, the defendant's records contained any information "relevant to the subject matter involved in the pending action." N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (1990).

## ADAMS v. LOVETTE

[105 N.C. App. 23 (1992)]

In *State v. Wingard*, 317 N.C. 590, 346 S.E.2d 638 (1986), our Supreme Court reiterated the test for relevancy by stating that "[e]vidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case." *Id.* at 597, 346 S.E.2d at 643. This Court in *Shellhorn v. Brad Ragan, Inc.*, 38 N.C. App. 310, 248 S.E.2d 103, *disc. review denied*, 295 N.C. 735, 249 S.E.2d 804 (1978), differentiated the relevancy test for discovery from the relevancy test for admissibility into evidence: "To be relevant for purposes of discovery," the Court stated, "the information need only be 'reasonably calculated' to lead to the discovery of admissible evidence." *Id.* at 314, 248 S.E.2d at 106. As such, this Court in *Shellhorn* concluded that "[a] determination that particular information is relevant for discovery is not conclusive of its admissibility as relevant evidence at trial." *Id.*

The majority concludes here that even if there is evidence in the medical records that would be reasonably calculated to lead to discovery, the plaintiff was not prejudiced because there was evidence to show that the plaintiff was the actual driver of the car. In short, the majority concludes that even if the evidence in the medical records is relevant, it is not material and is therefore not prejudicial to the plaintiff. For this proposition they cite, *Warren v. City of Asheville*, 74 N.C. App. 402, 328 S.E.2d 859, *disc. review denied*, 314 N.C. 336, 333 S.E.2d 496 (1985), a case that is, in my opinion, distinguishable because the evidence in that case was *admitted* erroneously at trial and found not to have been prejudicial; whereas, in the case at hand, the evidence is sought for purposes of discovery. This puts an added qualification on the discovery of information before trial by requiring that nonprivileged information be not only relevant, but also material.

I do not believe such a materiality requirement exists under North Carolina law. Rule 26(b)(1) "demonstrates the broad and liberal scope of the discovery provisions contained in the rules. Questions of materiality do not come into play." W. Shuford, North Carolina Civil Practice and Procedure § 26-5 (3d ed. 1988 & Supp. 1990). Likewise, N.C. Gen. Stat. § 1A-1, Rule 34, which controls the production of documents and things, contains the same broad scope of discovery set out in Rule 26. "The original [Rule 34] had been limited to inspection of documents and things that were 'material to any matter involved in the action.' The amendment struck this language and substituted the words, 'relating to any of the matters within the scope of the examination permitted by Rule 26(b).'"

8 C. Wright & A. Miller, Federal Practice and Procedure § 2201 (1970). I disagree with the majority and, therefore, would conclude that relevant information that is not privileged is discoverable.

Moreover, even if we consider the information here under the standard set by the majority, there was evidence in the medical records that was both relevant and material. Clearly, the statement entered in the medical records by the physician assistant indicating that the defendant "apparently ran off the road" was not only relevant but material to the issue of who was driving the car at the time of the accident. Moreover, the medical records contain information on the identity of the physician assistant which would allow the plaintiff the opportunity to depose him for information that could lead to the discovery of admissible evidence. The medical records detail the nature of the injuries suffered by the defendant which could support the plaintiff's contention that the defendant was driving. To suggest that this information could not have produced a different result is, in my opinion, a speculation that could be well avoided by allowing the discovery of the information in the medical records.